IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSE A. RODRIGUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | SA-15-CA-175-RP |
| | § | |
| NEW BRAUNFELS POLICE OFFICER | § | |
| CHAD ADAMS, Badge # 229, and | § | |
| NEW BRAUNFELS POLICE DEP'T, | § | |
| | § | |
| Defendants. | § | |

## DISMISSAL ORDER

Before the Court is Plaintiff Jose A. Rodriguez's pro se complaint under 42 U.S.C. § 1983. The Court granted Rodriguez leave to proceed in forma pauperis (IFP). Rodriguez asserts that New Braunfels Police Officer Chad Adams made mistakes on the police report for Rodriguez's arrest. He also vaguely says the New Braunfels Police Department denied him medical attention and that some of the officers injured his wrist while handcuffing him. For the reasons discussed below, Rodriguez's complaint is dismissed.

The public record shows that on November 20, 2013, Rodriguez pleaded guilty to driving while intoxicated in Comal County, Case No. 2013-CR-0546. The trial court sentenced him to probation. In his complaint, Rodriguez alleges he was not intoxicated when he was arrested, and thus Officer Adams had no probable cause to stop and arrest him. As relief, Rodriguez seeks "to correct Chad Adams for his mistakes on [the] police report."

Under 28 U.S.C. § 1915(e)(2)(B), this Court must screen an IFP complaint and dismiss it if the Court determines the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from an immune defendant. An action is frivolous when there

is no arguable legal or factual basis for the claim.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  To state a claim under the federal rules, a plaintiff need provide only a "short and plain statement of the claim showing that [he] is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Though specific facts are not necessary, "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The plaintiff must allege enough "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  To state a proper claim under § 1983, a plaintiff must allege that a state actor deprived the plaintiff of a constitutional right.  42 U.S.C. § 1983.  Because Rodriguez is proceeding pro se, this Court is obligated to construe his pleadings liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Even construed liberally, Rodriguez's complaint suffers many fatal defects.  Rodriguez's claim that he was not intoxicated, and thus his stop was unlawful, is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court explained,

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486–87.  Rodriguez's claim that the stop and arrest were unlawful necessarily implies the invalidity of his conviction for driving while intoxicated.  Rodriguez's conviction has not been

reversed, expunged, or otherwise declared unlawful in the criminal proceedings or through a habeas corpus proceeding. Thus, this claim for relief is barred.[1]

Rodriguez's claim that he was denied medical assistance similarly is flawed. Rodriguez first mentioned this claim in his response to the magistrate judge's order to show cause. (Document 4.) The Court then ordered Rodriguez to file a more definite statement regarding this claim. (Document 5.) In his response, Rodriguez stated the New Braunfels Police Department, and only the police department, denied him care for the treatment of his high blood pressure and arthritis. (Document 6 at 1–2.) But the police department has no power to sue or be sued; the New Braunfels City Charter instead grants to the City itself those powers. Thus, this claim must be dismissed. *See Crull v. City of New Braunfels, Tex.*, 267 F. App'x 338, 341–42 (5th Cir. 2008).

Liberally construing Rodriguez's claim regarding the denial of medical assistance as against the city, it still falls. A municipality, like New Braunfels, can be liable for the unlawful actions of its officials only if the actions were pursuant to an official policy, practice, or custom. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978); *Kitchen v. Dallas County, Tex.*, 759 F.3d 468, 476–77 (5th Cir. 2014). Rodriguez does not allege that any state actor was following a policy, practice, or custom when he allegedly was denied medical attention. Thus, there is no basis for liability against the city of New Braunfels.

---

[1]The Court notes that if it were to construe Rodriguez's claim against his conviction as a collateral attack under 28 U.S.C. § 2254, it still would be problematic. Rodriguez did not exhaust his available state remedies, as he must before bringing a petition under § 2254. *See* 28 U.S.C. § 2254(b)(1)(A). Moreover, more than one year has passed since Rodriguez's November 2013 conviction, so a petition brought under § 2254 would be untimely and, therefore, barred from federal review. *See id.* § 2244(d)(1).

Rodriguez also alleged that, while handcuffing him, Officer Adams and others held him tight and caused pain and swelling to his fingers because of his arthritis. To the extent that this allegation could be construed as a claim for excessive force under § 1983, the Court finds that it, too, must be dismissed. The Fifth Circuit has determined "that handcuffing too tightly, without more, does not amount to excessive force." *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001); *see also Freeman v. Gore*, 483 F.3d 404, 416–17 (5th Cir. 2007) ("[M]inor, incidental injuries that occur in connection with the use of handcuffs to effectuate an arrest do not give rise to a constitutional claim for excessive force."). Rodriguez does not allege that the officers maliciously or excessively handcuffed him. Thus, this allegation also fails to state a claim.

The Court concludes that Rodriguez's allegations in his complaint fail to state a claim. Accordingly, Rodriguez's complaint is **DISMISSED WITH PREJUDICE** pursuant to § 1915(e)(2)(B).

**SIGNED** on July 20, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE